UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| UNITED STATES OF AMERICA | **SUPERSEDING INFORMATION** |
| v. | S1 25 Cr. 183 (VEC) |
| HENRY PAUL REGAN, | |
| Defendant. | |

## COUNT ONE
### (Securities Fraud)

The United States Attorney charges:

1. From at least in or about 2022 up to and including at least in or about December 2024, in the Southern District of New York and elsewhere, HENRY PAUL REGAN, the defendant, willfully and knowingly, in the offer and sale of securities, by the use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly (a) employed a device, scheme, and artifice to defraud; (b) obtained money and property by means of an untrue statement of a material fact and an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in a transaction, practice, and course of business which operated or would operate as a fraud or deceit upon the purchaser, to wit, REGAN engaged in a scheme to defraud investors by making false and misleading statements in connection with the offering of securities by Next Level Holdings ("Next Level").

(Title 15, United States Code, Sections 77q(a) and 77x; Title 18, United States Code, Section 2.)

**COUNT TWO**
**(Securities Fraud)**

The United States Attorney further charges:

2. From at least in or about 2023 up to and including at least in or about December 2024, in the Southern District of New York and elsewhere, HENRY PAUL REGAN, the defendant, willfully and knowingly, in the offer and sale of securities, by the use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly (a) employed a device, scheme, and artifice to defraud; (b) obtained money and property by means of an untrue statement of a material fact and an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in a transaction, practice, and course of business which operated or would operate as a fraud or deceit upon the purchaser, to wit, REGAN engaged in a scheme to defraud investors by making false and misleading statements in connection with the offering of securities by Yield Wealth Ltd. ("Yield").

(Title 15, United States Code, Sections 77q(a) and 77x; Title 18, United States Code, Section 2.)

**COUNT THREE**
**(Conspiracy to Commit Securities Fraud)**

The United States Attorney further charges:

3. From at least in or about 2022 up to and including at least in or about December 2024, in the Southern District of New York and elsewhere, HENRY PAUL REGAN, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit an offense against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 77q(a) and 77x.

4.      It was a part and an object of the conspiracy that HENRY PAUL REGAN, the defendant, and others known and unknown, would and did, willfully and knowingly, in the offer and sale of securities, by the use of means and instruments of transportation and communication in interstate commerce and by use of the mails, directly and indirectly (a) employed a device, scheme, and artifice to defraud; (b) obtained money and property by means of an untrue statement of a material fact and an omission to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and (c) engaged in a transaction, practice, and course of business which operated or would operate as a fraud or deceit upon the purchaser, in violation of Title 15, United States Code, Sections 77q(a) and 77x, to wit, REGAN agreed to and did engage in a scheme to defraud investors by making false and misleading statements in connection with the offering of securities by Next Level and Yield.

## Overt Acts

5.      In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

   a.   On or about August 23, 2024, HENRY PAUL REGAN, the defendant, sent an email to a Yield salesperson, approving an email the salesperson planned to send investors that described Yield Term Deposits as being "[f]ully insured for principal & interest."

   b.   On or about September 4, 2024, REGAN held a videoconference with Yield salespeople, in which REGAN defended the Yield Term Deposits against allegations that, among other things, the product was too good to be true.

    c.  On or about October 4, 2024, REGAN sent an email thanking an investor for purchasing Next Level Notes and describing the insurance protections for those notes.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATIONS

6.  As a result of committing one or more of the offenses charged in Counts One, Two, and Three of this Information, HENRY PAUL REGAN, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

### Substitute Assets Provision

7.  If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

    a.  cannot be located upon the exercise of due diligence;

    b.  has been transferred or sold to, or deposited with, a third party;

    c.  has been placed beyond the jurisdiction of the court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code Section 2461(c), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

        (Title 18, United States Code, Section 981(a)(1)(C);
         Title 21, United States Code, Section 853(p);
         Title 28, United States Code, Section 2461.)

                                                        JAY CLAYTON
                                                        United States Attorney